PEDRO A. ORTEGA et al., Appellants, v. SAUL PADILLA, Appellee.

SYLLABUS BY THE COURT.

SCHOOLS—COUNTY SUPERINTENDENT OF—APPORTIONMENT OF FUNDS. The county school superintendent of Mora county is not compellable by mandamus to apportion funds available for common school purposes in a school district in said county, where, by relator's petition and the record in the cause, it is admitted that the directors or clerk of said school district failed to make enumeration of all unmarried persons, between five and twenty-one years of age, etc., and to report the same, in writing, to the county school superintendent of Mora county, as required by law.

*Appeal* from the District Court of Mora county, Fourth Judicial District. Affirmed.

Facts are stated in the opinion.

O. A. LARRAZOLO for appellants.

CHARLES A. SPIESS for appellee.

CRUMPACKER, J.—This is a proceeding by mandamus brought by appellants, as school directors of the school district No. 1 of Mora county, against the appellee, Saul Padilla, as county school superintendent of said county of Mora, to compel him to report to them, as such school directors, the amount of available school moneys on hand, for the support of public free schools in said school district, during a cer-

tain scholastic year. · The case was heard on the petition for the writ and upon the facts as in the record appear. Upon the hearing the relief prayed for by appellants was denied and the cause dismissed, and the case brought here on appeal. In this court it has been stipulated by the parties that the cause may be heard upon the pleadings, and an agreed statement of facts herein filed. The assignments of error and the arguments of counsel in the briefs are directed mainly to questions involving the alleged title of relators to the offices of directors of school district No. 1 of Mora county. We think, however, that the controlling question in the case is the one discussed in this opinion.

The aim of the relators was to compel the performance by the county school superintendent of Mora county of the duty imposed upon him by virtue of section 1526, Comp. Laws of N. M., 1897, to make an apportionment of money available for the use of the common schools of said district during the scholastic year which was alleged to begin on the first day of September thereafter, in proportion to the number of children residing in each school district, within the county, over five and under twenty-one years of age, as the same should appear from the last annual reports of the clerks of the respective districts.

Appellee answered that he had not made the apportionment for the reason "that he has as yet not received the reports of the clerks of many districts of Mora county, nor the report of school district No. 1, of which district the plaintiffs pretended to be directors."

The agreed statement of facts recites: "Ninth, That up to the time of the service of the alternative writ of mandamus, and of the filing of his answer thereto, he, the respondent, had not received the reports of many of the clerks of the various school districts of Mora county, showing the number of children of school age residing in the same, and among others, had not received the report from school district No. 1, and for that reason he had not been able to make his apportionment."

We think that under the circumstances of this case, the answer to the alternative writ was sufficient, and that the court below properly denied the prayer of the relators, and dismissed the cause.

It is very clear that the said county school superintendent could not make a legal apportionment until he had received the statistical reports of the number of children of school age residing in each district. To this end the law provides, section 1536, Comp. Laws of N. M. 1897, that on September first of each year the directors shall make an enumeration of all

SCHOOLS: county superintendent of: apportionment of funds.

unmarried persons between five and twenty-one years of age, reporting the same, in writing, to the county school superintendent within fifteen days thereafter; and by section 1526, supra, that the county school superintendent shall see that the annual report of the clerks of the school districts are made correctly and in due time. Whether this latter provision of the law imposes upon the county school superintendent the duty of seeing that the report of the enumeration by the directors, as above referred to, is made in due time, is not plain, but we are inclined to think it does. Assuming that appellants are correct in their statement that the scholastic year begins September first, the only resonable construction to be given the statutes is, that the apportionment of funds for that year is based upon the enumeration required by law to be made by the directors, and by them reported to the county school superintendent on or before the fifteenth of September of said year, and that the appellee was not required to make any apportionment thereon until the first day of October thereafter (section 1526, supra). But if the theory of the appellants is that these sections may be construed to mean that the apportionment for the period in controversy should be made on the basis of the enumeration made, or which ought to have been made, and reported to the county school superintendent by the fifteenth day of September of the year before, still in this case it appearing from the record that the directors or clerk of school

district No. 1 of Mora county had failed to make the statistical report, and to report the same to the superintendent, as required by the statute, those directors, whoever they may legally be, have, by their own neglect, made it impossible for the county school superintendent, appellee, to make the apportionment of money available for the use of the common schools of said district No. 1; and the failure to perform the further duty imposed by law upon the county school superintendent "to see that the annual report of the clerks is made in due time," may, therefore, not be complained of by these relators.

The judgment of the lower court is therefore hereby affirmed.

Parker and McFie, JJ., concur.

[816.   May 2, 1900.]